FILED & ENTERED

AUG 18 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re:

Crystal Glenda Rosenlund,

Debtor.

Case No.: 2:26-bk-11423-BR

Chapter: 7

**MEMORANDUM OF DECISION ON DEBTOR'S MOTIONS TO AVOID LIENS PURSUANT TO 11 U.S.C. § 522(f)**

Hearing:
Date: July 28, 2026
Time: 10:00 a.m.
Place: Courtroom 1668
255 E. Temple Street
Los Angeles, CA 90012

At the time and place set forth above, the Court held a hearing on five motions to avoid judicial liens pursuant to 11 U.S.C. § 522(f) filed by Debtor.[1]

As set forth in § 522(f)(1), "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled … if such lien is a judicial lien …."

[1] *See* Bankr. Docket Nos. 18, 20–24, 26, 28, 30, and 32 (lien avoidance motions and notices of the hearing on those motions). The Court also considered opposition papers filed by White Zuckerman Warsavksy Luna & Hunt, LLP (Bankr. Docket No. 34) and Brian Rosenlund (Bankr. Docket No. 35), and reply papers filed by Debtor (Bankr. Docket Nos. 37–39).

This Memorandum of Decision sets forth the basis for the Court's conclusion that, except for the lien asserted by White Zuckerman Warsavksy Luna & Hunt, LLP, none of the liens at issue impair Debtor's homestead exemption. The White Firm's lien impairs Debtor's homestead exemption, but only to the extent of $11,187.00.

**1. Liens Asserted by Brian Rosenlund**

The liens at issue encumber Debtor's primary residence, located at 1916 Rockefeller Lane, Unit 7, Redondo Beach, CA 90278. Of all the valuation evidence presented to the Court, the most persuasive is the valuation estimate prepared by the real estate broker engaged by the chapter 7 trustee, who has no stake in the outcome of Debtor's lien avoidance motions. Based upon the estimate prepared for trustee by his broker, the Court finds that the property has a value of $1,000,000.00.[2]

The following table lists the liens asserted by Mr. Rosenlund (omitting the junior lien asserted by the White Firm)[3]:

| **Lien** | **Date of Lien Recordation** | **Lien Amount** |
|---|---|---|
| Statutory Lien Asserted by Los Angeles Country Treasurer and Tax Collector | Not applicable (lien arises by operation of law) | $69,268.13 |
| Statutory Lien Asserted by California Franchise Tax Board | Not applicable (lien arises by operation of law) | $17,646.10 |
| Judgment Lien Asserted by Brian Rosenlund | July 11, 2022 | $18,825.00 |
| Judgment Lien Asserted by Brian Rosenlund | July 11, 2022 | $16,191.00 |
| Judgment Lien Asserted by Brian Rosenlund | July 11, 2022 | $10,755.00 |
| Judgment Lien Asserted by Brian Rosenlund | July 5, 2023 | $450.00 |
| **Sum of Liens** | | $133,135.23 |
| Debtor's homestead exemption (Cal. Civ. Proc. Code § 704.730) | | $743,459.00 |
| **Sum of Liens and Debtor's Homestead Exemption** | | $876,594.23 |
| **Value of Property** | | $1,000,000.00 |

---

2 *See* Goodman Decl. (Docket No. 34, p. 31 of 44).

3 The parties do not dispute the amounts of the liens at issue. The primary disputed issue is the value of the Property.

Section 522(f)(2)(A) provides a formula for calculating the extent to which a judicial lien impairs an exemption:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.[4]

Application of the statutory formula shows that none of Mr. Rosenlund's judicial liens impair Debtor's homestead exemption. As shown in the table above, the sum of Mr. Rosenlund's liens, all other liens against the property, and Debtor's homestead exemption is $876,594.23; that sum does not exceed the value that Debtor's interest in the property would have in the absence of any liens (which is $1,000,000.00). Therefore, each of Debtor's four motions to avoid Mr. Rosenlund's judicial liens will be denied.

**2. Lien Asserted by the White Firm**

The Court next considers whether Debtor is entitled to avoid the White Firm's judicial lien. The following table lists all liens encumbering the Property (including the Mr. Rosenlund's liens, which, as discussed in Section 1, above, are not avoidable and

//

[4] 11 U.S.C. § 522(f)(2)(A).

continue to attach), the dates that those liens were recorded, and the amount of the homestead exemption to which Debtor is entitled:

| **Lien** | **Date of Lien Recordation** | **Lien Amount** |
|---|---|---|
| Statutory Lien Asserted by Los Angeles Country Treasurer and Tax Collector | Not applicable (lien arises by operation of law) | $69,268.13 |
| Statutory Lien Asserted by California Franchise Tax Board | Not applicable (lien arises by operation of law) | $17,646.10 |
| Judgment Lien Asserted by Brian Rosenlund | July 11, 2022 | $18,825.00 |
| Judgment Lien Asserted by Brian Rosenlund | July 11, 2022 | $16,191.00 |
| Judgment Lien Asserted by Brian Rosenlund | July 11, 2022 | $10,755.00 |
| Judgment Lien Asserted by Brian Rosenlund | July 5, 2023 | $450.00 |
| Judgment Lien Asserted by White Zuckerman Warsavksy Luna & Hunt, LLP | May 27, 2025 | $134,592.77 |
| **Sum of All Liens** | | $267,728.00 |
| Debtor's homestead exemption (Cal. Civ. Proc. Code § 704.730) | | $743,459.00 |
| **Sum of All Liens and Debtor's Homestead Exemption** | | $1,011,187.00 |
| **Value of Property** | | $1,000,000.00 |

Applying the statutory lien avoidance formula once again, the sum of the White Firm's lien, all other liens against the property, and Debtor's homestead exemption is $1,011,187.00. That sum does exceed the value that Debtor's interest in the property would have in the absence of any liens, but only by the amount of $11,187.00 ($1,011,187.00 less $1,000,000.00 = $11,187.00). That is, the $134,592.77 White Firm lien will continue to attach to the Property to the extent of $123,405.77 ($134,592.77 less $11,187.00 = $123,405.77), with only $11,187.00 of the lien being avoidable.

**3. Conclusion**

Based upon the foregoing, the Court finds that Debtor is not entitled to avoidance under 11 U.S.C. § 522(f) of any of the four judicial liens asserted by Mr. Rosenlund.

Debtor is entitled to partially avoid the White Firm's lien, but only to the extent of $11,187.00, with the lien continuing to attach to the extent of $123,405.77. The Court will prepare and issue orders implementing this Memorandum of Decision.

###

Date: August 18, 2026

Barry Russell
United States Bankruptcy Judge